UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
AT CHICAGO

| | | |
|---|---|---|
| **MICHAEL PITTMAN** | : | |
| | | CASE NO. 1:20-cv-4493 |
| | : | |
| Plaintiff | | JUDGE: |
| | : | |
| vs. | | MAGISTRATE JUDGE: |
| | : | |
| **AETNA LIFE INSURANCE COMPANY** | | |
| 151 Farmington Avenue | : | |
| Hartford, CT 06156 | | |
| | : | |
| | | **COMPLAINT** |
| And | : | |
| | | |
| **AEP GROUP BENEFITS PROGRAM** | : | |
| 95 Chestnut Ridge Road | | |
| Montvale, NJ 07645 | : | |
| | | |
| Defendants | : | |

Now comes the Plaintiff, Michael Pittman, by and through counsel, and for his Complaint hereby states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA) and, in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). These statutory provisions give district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of Employee Welfare Benefit Plans. In this case, the Plaintiff, Michael Pittman, asserts a claim for group disability benefits available under

1

a long-term disability Plan provided for the employees of AEP Industries, Inc. The Plan and policy documents should be included in the Administrative Record that Defendants file with this Court. This action is also brought pursuant to 28 U.S.C. § 1331 which gives district court's jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has exhausted those avenues of appeal.

## NATURE OF ACTION

3. Plaintiff, Michael Pittman, seeks an award of disability benefits, including disability income benefits pursuant to an Employee Welfare Benefit Plan providing group disability benefits to employees of AEP Industries, Inc. This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks to enforce the right to future benefits and demand that Defendants account for past benefits and pay future benefits.

## THE PARTIES

4. Plaintiff was an active employee under the Plan and eligible for benefits as a qualified employee when his medical condition deteriorated, and he could no longer work. Plaintiff is now disabled. Venue is proper in the Northern District of Illinois, at Chicago, because the Plaintiff is a resident of Richton Park, Cook County, Illinois and Aetna Life Insurance Company may be found in this district. Aetna Life Insurance

Company conducts ongoing business with Cook County, Illinois residents, employs Cook County, Illinois residents and has extensive contacts within Cook County, Illinois.

5. At all times relevant hereto, the long-term disability plan constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1). Plaintiff became disabled while employed under the Plan and has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7).

6. The Plan's "Claim Administration" is run by a Plan Fiduciary, which, upon information and belief, is Aetna Life Insurance Company (hereinafter, "Aetna"). The Aetna insurance policy issued to AEP Industries, Inc. was delivered to Plaintiff's employer.

**STATEMENT OF FACTS**

7. Michael Pittman was hired by AEP Industries, Inc. on February 1, 1995 and worked as a Reclaim and Receiving Manager, before having to leave work on August 23, 2016, due to symptoms associated with severe chronic spinal stenosis, bilateral degenerative joint disease of the knees, lumbar radiculopathy and left hip osteoarthritis. Mr. Pittman under a total left hip arthroscopy on January 9, 2017.

8. The occupation of Reclaim and Receiving Manager is classified as medium in physical demand and classified as a skilled occupation.

9. Mr. Pittman applied for long-term disability benefits upon his departure from work and benefits were approved and paid from August 31, 2016 through February 21, 2017.

10. Long-term disability (LTD) benefits began on February 19, 2017 and were paid for Plaintiff's inability to perform his own occupation until April 2, 2019.

11. The definition of disability for "any occupation" that Plaintiff must meet under the AEP Industries, Inc. policy, is as follows: "After 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition."

12. Aetna issued its initial denial of long-term disability benefits on April 2, 2019, because Mr. Pittman would be able to perform a sedentary or light occupation. Without an examination, Jamie L. Lewis, M.D. wrote an opinion in favor of work capacity for Aetna and a Transferable Skills Analysis was created by Aetna's vendor, Coventry, which followed Dr. Lewis' speculation of capacity for work. These occupations offered by Coventry could not be done by Plaintiff without additional training.

13. Plaintiff filed his own appeal on June 24, 2019, which included a letter written by Plaintiff, an MRI of the lumbar spine dated February 12, 2019, which showed,

"multilevel degenerative lumbar spondylosis with dextroscoliosis and multilevel canal and foraminal stenosis" and a letter from his primary care physician, Howard Robinson, M.D., who advised that Mr. Pittman was taking pain medications and that, "It is noted that he does have occasional flare ups of his pain which prevents him from standing, sitting or lifting for 3 or 4 days at a time." Mr. Pittman describes in his letter that the narcotic pain medications that he is currently taking cause dizziness, drowsiness, fatigue and has occasionally caused him to fall.

14. In response to Plaintiff's appeal, Aetna, hired Nakul Mahajan, M.D., to perform another non-examining medical file review. Dr. Mahajan concluded, without examination, that Plaintiff had no restrictions and limitations based on the information that he reviewed. Dr. Mahajan did not mention that Plaintiff had won his Social Security disability benefits in his opinion.

15. After two additional office notes from Plaintiff's physicians were received, Aetna rehired Dr. Mahajan on September 4, 2019 and requested an addendum to his original report. Dr. Mahajan concluded that the additional medical information did not change his prior assessment and that, "no restrictions and limitations as supported as most of his complaints are subjective." (Emphasis added).

16. Aetna issued its final denial of long-term disability benefits on September 23, 2019, which was supported by Dr. Mahajan's non-examining file review.

17. Plaintiff was awarded Social Security disability benefits with a disability onset date of August 23, 2016. These benefits were awarded on application without a need for a hearing.

## FIRST CAUSE OF ACTION
## CLAIM FOR BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)

18. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 17 of the Complaint.

19. Defendant Plan and Aetna failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying the benefits to the Plaintiff contrary to the law and terms of the Plan. Aetna and the Plan have arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

20. Defendant Aetna has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of benefit claims, which is to be considered as a factor in the review of any benefit determination. The conflict of interest effected the decision to deny benefits. The conflict allowed Aetna an overreliance on non-examining physicians' opinions. The conflict of interest caused Aetna to disregard relevant evidence with no explanation and totally or partially caused the denial of benefits without using a reasoned process.

21. While Defendant Aetna may have the authority to make claims determinations under applicable law and the language of the Policy, Aetna's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo*.

22. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and the principles of separation of powers, amongst others.

23. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, Aetna's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards employed by Aetna in the evaluation of evidence. Standards applicable under ERISA, including as enumerated by this Court, the Seventh Circuit Court of Appeals and the United States Supreme Court have been violated by Aetna and an examination of the record reveals that Aetna's decision to discontinue benefits is not the result of a reasoned process and that it is, therefore, arbitrary and capricious.

24. Aetna and the Plans have violated their duty to provide a full and fair review of claimant's evidence by engaging in the following acts: 1) Defendants have ignored evidence supplied by Plaintiff which supports his disability; 2) Defendants relied

upon non-examining peer reviews that mischaracterized Plaintiff's medical severity; 3) Defendants have improperly relied upon conclusion based peer reviews which failed to address the claimant's actual limitations, which included pain, weakness, fatigue, and severe side effects of medications; 4) Defendants have engaged in a selective review of evidence presented by the claimant; and 5) Defendants ignored the terms of their insuring agreement by suggesting that he could perform occupations which required training and education that Plaintiff does not possess.

25.     ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

26.     The disability Plan under which the Plaintiff Michael Pittman was a participant at the time of his disability should be included in the Administrative record filed with this Court as those documents set forth the sole criteria for benefits for the Plaintiff.

27.     ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1).  Under the terms of this Plan documents, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

28. Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable. Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

**WHEREFORE**, Plaintiff, Michael Pittman, prays for the following relief:

A. That the Court enter judgment in Plaintiff Pittman's favor and against the Defendants and that the Court order the Defendants to account and pay disability income benefits to Plaintiff Pittman in an amount equal to the contractual amount of benefits to which Pittman is entitled;

B. That the Court order the Defendants to pay Pittman's pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly;

C. That the Court declare Michael Pittman's rights under the ERISA Plan, the ERISA statute, and the applicable insurance laws and order the Defendants to continue paying Plaintiff Pittman benefits until such time as the Court decides that he meets the policy conditions for discontinuance of benefits and this is perfected by an Order of this Court;

D. That the Court award the Plaintiff his attorney fees pursuant to 29 U.S.C. § 1132(g), after the filing of a Motion more fully establishing his entitlement to such fees; and

E. That Plaintiff recovers any and all other relief to which he may be entitled, as well as the costs of the suit.

Dated this 31st day of July, 2020

Respectfully submitted,

*/s/ Joseph P. McDonald*

---

Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd, Suite A
Dayton, OH  45458
Tel: 937-428-9800
Fax: 937-347-5441
Email:  joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, Michael Pittman